UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-0256 (WMW/JFD) |
| Plaintiff, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Hugo Escudero (1), | |
| Defendant. | |

Before the Court is United States Magistrate Judge John F. Docherty's March 21, 2022 Report and Recommendation (R&R). (Dkt. 40.) The R&R recommends denying Defendant Hugo Escudero's motion to suppress evidence seized during the execution of search warrants. (Dkt. 25.) Escudero filed a timely objection to the R&R, and Plaintiff United States of America filed a timely response. For the reasons addressed below, the Court overrules Escudero's objection, adopts the R&R and denies Escudero's motion to suppress.

## BACKGROUND

Escudero was charged by indictment with one count of possessing with intent to distribute five kilograms or more of a mixture or a substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The magistrate judge held a hearing on Escudero's motion to suppress evidence recovered pursuant to five search warrants issued by a Minnesota state court judge.

In July 2021, Hennepin County Deputy Sheriff Antonio Patsy of the Investigations Division spoke with a confidential information (CI) who identified Escudero as a cocaine distributor in the Twin Cities who was in possession of cocaine and had offered to sell cocaine to the CI in the preceding 14 days. The CI had previously provided Deputy Patsy phone numbers, addresses, vehicle information, and descriptions of known narcotics dealers. Deputy Patsy thereafter surveilled Escudero's apartment, observed Escudero exit the building, and witnessed Escudero open and retrieve something from a red Toyota Sequoia (Sequoia). At or around that same time, Deputy Patsy swabbed the driver's-side door handle of the Sequoia with an ion-swab pad that subsequently tested positive for cocaine and PCP. Based on this information, which Deputy Patsy outlined in his warrant application, a Ramsey County judge issued a tracking warrant on July 29, 2021, for Escudero's Sequoia (Tracker Warrant). Subsequently, based in part on the foregoing information and additional information obtained pursuant to the Tracker Warrant, Deputy Patsy obtained and executed four additional search warrants.

On January 6, 2022, Escudero filed a motion to suppress evidence seized during the execution of the search warrants, which the United States opposed. On March 31, 2022, the magistrate judge issued a R&R concluding that, although the Tracker Warrant likely lacked the requisite probable cause, law enforcement officers relied on the Tracker Warrant in good faith. The R&R, therefore, recommends that Escudero's motion to suppress be denied. Escudero objects to the R&R's application of the exclusionary rule's good-faith exception.

## ANALYSIS

The R&R recommends denying Escudero's motion to suppress evidence obtained during the execution of the Tracker Warrant and four subsequently obtained search warrants. Escudero objects to this recommendation only with respect to the Tracker Warrant. The Court reviews *de novo* those aspects of a R&R to which a defendant specifically objects, *see* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam), and reviews for clear error any aspect of a R&R to which a party does not specifically object, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord Grinder*, 73 F.3d at 795. This Court, therefore, reviews *de novo* the magistrate judge's recommendation to deny Escudero's motion to suppress evidence obtained pursuant to the Tracker Warrant under the good-faith exception and reviews the remainder of the R&R for clear error.

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. A law enforcement officer may obtain a search warrant only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *Id.* As the Fourth Amendment includes no enforcement provision, the Supreme Court of the United States has created an exclusionary rule that, when applicable, prohibits the use at trial of evidence that has been improperly obtained. *Herring v. United States*, 555 U.S. 135, 139 (2009) (citing *Weeks v. United States*, 232 U.S. 383, 398 (1914)). Evidence

3

obtained during a search or seizure conducted in violation of the Fourth Amendment must be suppressed. *Segura v. United States*, 468 U.S. 796, 804 (1984).

To determine whether probable cause exists, a detached and neutral judge must make a "practical, common-sense decision" whether there is a fair probability that contraband or evidence of a crime will be found in the place to be searched. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The test for probable cause cannot be reduced to "precise definition or quantification." *Florida v. Harris*, 568 U.S. 237, 243 (2013) (internal quotation marks omitted). When a judge issuing the search warrant relies solely on a search warrant affidavit, only the information "within the four corners of the affidavit may be considered in determining the existence of probable cause." *United States v. Solomon*, 432 F.3d 824, 827 (8th Cir. 2005) (internal quotation marks omitted). A court reviewing the issuing judge's probable cause determination owes that determination substantial deference. *United States v. LaMorie*, 100 F.3d 547, 552 (8th Cir. 1996).

   I.   **Tracker Warrant**

Escudero raises a limited objection to the R&R's recommendation not to suppress the evidence obtained pursuant to the Tracker Warrant despite the R&R's determination that the Tracker Warrant failed to establish the necessary nexus between Escudero and the Sequoia. Specifically, Escudero objects to the magistrate judge's conclusion that the GPS tracking information need not be suppressed pursuant to the exclusionary rule's good-faith exception. The Court reviews the magistrate judge's probable cause analysis for clear error and application of the exclusionary rule's good faith exception *de novo*.

### A.     Probable Cause

Because neither party specifically objects to the R&R's conclusion that the Tracker Warrant was not supported by probable cause, the Court reviews for clear error the R&R's recommendation as to this issue. *See Grinder*, 73 F.3d at 795; *Newton*, 259 F.3d at 966.

"[A] vehicle is an 'effect' as that term is used in the [Fourth] Amendment." *United States v. Jones*, 565 U.S. 400, 404 (2012). "[T]he Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" *Id.* Because GPS tracking is a search, a warrant authorizing GPS tracking must be supported by probable cause. *United States v. Faulkner*, 826 F.3d 1139, 1144 (8th Cir. 2016) (citing *Jones*, 565 U.S. at 404).

"[P]robable cause means 'a fair probability that contraband or evidence of a crime will be found.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Gates*, 462 U.S. at 238). Probable cause to believe an offense has been or is being committed may be established with information provided by an informant who has provided reliable information in the past. *See United States v. Edwards*, 891 F.3d 708, 711 (8th Cir. 2018); *United States v. Hambrick*, 630 F.3d 742, 747 (8th Cir. 2011). Or such probable cause may be established when officers can independently corroborate important details from the informant's tip. *See Edwards*, 891 F.3d at 711; *Hambrick*, 630 F.3d at 746. Strong evidence establishing a nexus between a vehicle and the alleged criminal activity is required to uphold the probable cause determination supporting a tracking warrant. *See, e.g., United States v. Thompson*, 976 F.3d 815, 817–18 (8th Cir. 2020) (affirming denial of motion challenging tracking warrant that was obtained based on (1) informant reporting

that defendant drove the vehicle to Chicago to collect narcotics, (2) a traffic stop of the vehicle in which officers found marijuana, and (3) a recording of the defendant stating that the traffic stop would have been "much worse . . . if he would have had the work with him"); *United States v. Bradley*, 924 F.3d 476, 479 (8th Cir. 2019) (affirming denial of a motion to suppress evidence when two tipsters told the police that the defendant kept drugs in his vehicle and defendant arrived at a controlled buy driving the vehicle for which the police sought a tracking warrant); *United States v. Lopez-Zuniga*, 909 F.3d 906, 909–10 (8th Cir. 2018) (affirming suppression of evidence obtained through a tracking warrant when the only connection between the defendant and the vehicle consisted of an agent observing the defendant exit the vehicle on one occasion and ride in the vehicle to a mall on a different occasion).

Here, as the R&R explains, the information Deputy Patsy provided in his warrant application that connected Escudero's drug dealing to the Sequoia is limited to the following facts: (1) a CI reported that Escudero sold cocaine in the Twin Cities metropolitan area; (2) Escudero and his brother possessed narcotics when they were searched by police in 2019; (3) a red Sequoia registered to Escudero was parked outside his apartment building; (4) a deputy observed Escudero access and retrieve something from the red Sequoia; and (5) an ion-swab scan of the driver's-side door handle tested positive for cocaine and PCP.[1] The source of some of the information in the warrant application was a CI who had provided law enforcement with reliable information in the past. The

---

[1] The R&R notes that the warrant application contained no explanation as to what an ion-swab scan is, how it detects drugs, or the test's reliability.

R&R concludes that the evidentiary nexus between Escudero's drug dealing and the Sequoia falls short of that which is typically demanded to support a tracking warrant. The R&R recommends finding that because the affidavit included in the application for the Tracker Warrant failed to establish a nexus between the Sequoia and narcotics dealing, the issuing state court judge lacked probable cause to issue a tracking warrant for the Sequoia.

Neither the government nor Escudero specifically objects to this aspect of the R&R. Having carefully reviewed this aspect of the R&R for clear error, the Court agrees and concludes that the Tracker Warrant was not supported by probable cause.

## B. *Leon* Good-Faith Exception to the Exclusionary Rule

Escudero objects to the R&R's application of the exclusionary rule's good-faith exception to the evidence obtained pursuant to the Tracker Warrant. The Court reviews this aspect of the R&R *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3); *accord Grinder*, 73 F.3d at 795.

Ordinarily, the exclusionary rule precludes the government from using improperly obtained evidence at trial. *Herring*, 555 U.S. at 139. The exclusionary rule does not apply, however, when the police obtain evidence in "objectively reasonable reliance" on a duly issued search warrant, even if that search warrant is subsequently invalidated. *United States v. Leon*, 468 U.S. 897, 922 (1984).[2] This good-faith exception does not justify

---

[2] The Supreme Court created the good-faith exception because the exclusionary rule's purpose of deterring police misconduct is not served when police execute a warrant relying on the probable cause determination of a neutral and disinterested judge rather than the police officer's own assessment of the evidence. *See Herring*, 555 U.S. at 142; *Leon*, 468 U.S. at 916.

officers' reliance on a duly issued search warrant when:

> (1) the supporting affidavit or testimony includes a false statement made knowingly and intentionally or with reckless disregard for the truth to mislead the issuing judge; (2) the issuing judge wholly abandoned his judicial role in issuing the warrant; (3) the affidavit in support of the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that no police officer could reasonably presume the warrant to be valid.

*United States v. Ortiz-Cervantes*, 868 F.3d 695, 702–03 (8th Cir. 2017) (internal quotation marks omitted).

Here, the R&R recommends concluding that Deputy Patsy and his law enforcement colleagues objectively relied on the Tracker Warrant in good faith and, therefore, recommends denying Escudero's motion to suppress the evidence obtained pursuant to the Tracker Warrant. Escudero objects, arguing that the good-faith exception does not apply and that the Tracker Warrant evidence should be suppressed. Specifically, Escudero argues that the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. But because he does not explain this assertion, the Court is left to infer Escudero's argument from the arguments he articulated in his prior filings, which are addressed in the R&R.

Escudero argues in his motion to suppress and its supporting brief that the affidavit was deficient for the following reasons: (1) the affidavit did not provide sufficient information as to how the CI obtained the information that the CI provided to law enforcement, (2) the 2019 search of Escudero's residence in which officers uncovered contraband and cash occurred too long ago, (3) law enforcement officers never observed

8

Escudero using or driving the Sequoia, and (4) the affidavit did not provide sufficient information regarding the reliability of the ion-swab scan. Contrary to Escudero's contention, law enforcement officers observed Escudero accessing and retrieving an item from the Sequoia. More importantly, however, Escudero offers no legal authority, nor is the Court aware of any, to support his contention that these alleged deficiencies, taken either together or separately, compel the conclusion that the affidavit was so deficient in indicia of probable cause that reliance on the warrant was unreasonable. Because neither the magistrate judge nor this Court has identified authority suggesting that any of these alleged deficiencies precludes the application of the exclusionary rule's good-faith exception, the Court overrules Escudero's objection to the R&R, adopts the R&R's recommendation and denies Escudero's motion to suppress evidence obtained pursuant to the Tracker Warrant.[3]

## II. Remaining Warrants

Neither party specifically objects to the R&R's recommendation to deny the motion to suppress as it pertains to the remaining warrants. The Court reviews for clear error those aspects of a R&R to which no party specifically objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *Newton*, 259 F.3d at 966; *accord Grinder*, 73 F.3d at 795. Having carefully performed this review, the Court finds no error and adopts the recommendation

---

[3]   The Court interprets Escudero's objection to the R&R as an objection solely to the application of the *Leon* good-faith exception to the evidence obtained pursuant to the Tracker Warrant. If, however, Escudero intends his objection to apply to all warrants executed in the investigation at issue in this case, the Court's reasoning as to the Tracker Warrant also is applicable to those other warrants.

of the R&R to deny Escudero's motion to suppress the evidence obtained pursuant to the remaining warrants.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Hugo Escudero's objection to the March 21, 2022 R&R, (Dkt. 41), is **OVERRULED**.

2. The March 21, 2022 R&R, (Dkt. 40), is **ADOPTED**.

3. Defendant Hugo Escudero's motion to suppress evidence obtained pursuant to the search warrants, (Dkt. 25), is **DENIED**.

Dated:  May 18, 2022                                  s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge