UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-0256 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER ON MOTIONS IN LIMINE** |
| Hugo Escudero, | |
| Defendant. | |

---

This matter is before the Court on five motions in limine by Plaintiff United States of America, (Dkts. 60, 62, 64, 66 and 68), and three motions in limine by Defendant Hugo Escudero, (Dkts. 70, 71 and 72).  For the reasons addressed below, the motions are granted in part and denied in part.

A grand jury returned an indictment in this case on November 23, 2021, charging Escudero with one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).  The Court held a pretrial hearing on November 30, 2022, and a jury trial is scheduled to commence on December 6, 2022.

**I.      The United States's Motions in Limine**

      **A.      Pretrial Suppression Decisions**

The United States moves to preclude Escudero from referring to the suppression decisions that the Court addressed in a May 18, 2022 Order, which adopted the magistrate judge's Report and Recommendation and denied Escudero's motion to suppress evidence.  Escudero does not oppose this motion and represents that defense

counsel's questioning will avoid any warrant-legality issues. Moreover, pretrial suppression decisions, once resolved, have no bearing on whether the United States has proven the elements of an offense beyond a reasonable doubt. *See* Fed. R. Evid. 401, 402. These pretrial decisions, therefore, are irrelevant and inadmissible. Accordingly, the United States's motion is granted.

### B. Perceived Public Authority Defenses

The United States moves to preclude any evidence or references by Escudero pertaining to a public-authority defense. Although Escudero represents that a public-authority defense conflicts with other evidentiary positions he maintains and that his counsel believes this type of defense will not be an issue at trial, counsel for Escudero also represents that Escudero may seek to question certain government witnesses about their previous interactions with Escudero. As such, the United States persists in its motion.

The United States Court of Appeals for the Eighth Circuit recognizes "three defenses based on perceived government authority: public authority, entrapment by estoppel, and innocent intent." *United States v. Xiong*, 914 F.3d 1154, 1159 (8th Cir. 2019). Because the Eighth Circuit treats the public-authority and entrapment-by-estoppel variations as affirmative defenses, a defendant must comply with the pretrial notice requirements of Rule 12.3, Fed. R. Crim. P. *Id.* at 1159–60. Escudero has not done so here and, therefore, may not rely on these defenses at trial.

The innocent-intent variation, however, does not require pretrial notice. *Id.* at 1160. Rather, a defendant may pursue an innocent-intent theory of defense without

pretrial notice, so long as the evidence and arguments pertaining to that defense comport with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. The United States argues that an innocent-intent defense is irrelevant to the charge at issue in this matter, because whether Escudero acted with an innocent intent has no bearing on whether he also acted with the requisite mens rea of the offense charged. *See United States v. Baez*, 983 F.3d 1029, 1042 (8th Cir. 2020) (concluding that controlled-substance offenses do not typically qualify for an innocent-intent defense). The offense charged here contains two mens-rea elements: knowledge of one's possession of a controlled substance and intent to distribute some or all of that substance to another individual. *See* 21 U.S.C. § 841(a)(1). That a defendant subjectively believes he or she is authorized to possess and distribute a controlled substance does not negate any knowledge pertaining to possession of that substance or any intent to distribute that substance. *See Baez*, 983 F.3d at 1042. As such, an innocent-intent defense is inapplicable and irrelevant.

For these reasons, the United States's motion is granted.

### C.     Punishment

The United States moves to preclude Escudero from referring to any potential punishment that he might face if convicted. Escudero does not oppose this motion. Because any punishment attributable to an offense has no bearing on whether the United States has proven the elements of that offense beyond a reasonable doubt, evidence or argument pertaining to potential punishment is not relevant and, therefore, is inadmissible. *See* Fed. R. Evid. 401, 402. Finally, Escudero observes that the

United States's Exhibit 51 references punishment and requests that the prohibition on such references extend equally to the United States. Irrelevant evidence remains inadmissible regardless of the proponent's identity. *See id.* The United States, therefore, also may not admit evidence that refers to any potential punishment Escudero might face if convicted. For this reason, the United States's motion is granted as addressed above.

### D.    Jury Nullification

The United States moves to preclude Escudero from referring to jury nullification. Escudero does not oppose this motion. Although a jury has the power to find a defendant not guilty for any reason supported by the evidence at trial, a defendant has no right to invite jury nullification. *See United States v. Horsman*, 114 F.3d 822, 829 (8th Cir. 1997); *accord United States v. Wiley*, 503 F.2d 106, 107 (8th Cir. 1974) (recognizing that it is improper to encourage jurors to disregard the law). Accordingly, arguments by Escudero that encourage jury nullification lack any relevance or probative value and are contrary to the instructions that this Court will provide to the jury. *Cf.* Fed. R. Evid. 403. For these reasons, the United States's motion is granted.

### E.    Escudero's Hearsay Statements

The United States moves to preclude Escudero or his counsel from referring to hearsay statements in the presence of the jury. But the United States does not identify any specific statements that it asserts are hearsay. The doctrine of judicial ripeness "safeguards against judicial review of hypothetical or speculative disagreements." *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1038 (8th Cir. 2000). Here, the Court is left to speculate as to the contents and nature of any potential hearsay

statements. Because this issue is not ripe for a decision by the Court, the United States's motion is denied without prejudice as premature.

## II.   Escudero's Motions in Limine

At the November 30, 2022 pretrial hearing, Escudero represented that he no longer persists in his motions in limine based on the United States's response. As such, the Court denies these motions as moot and without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's first, second, third and fourth motions in limine, (Dkts. 60, 62, 64 and 66), are **GRANTED** as addressed herein.

2. Plaintiff United States of America's fifth motion in limine, (Dkt. 68), is **DENIED WITHOUT PREJUDICE** as premature as addressed herein.

3. Defendant Hugo Escudero's first, second and third motions in limine, (Dkts. 70, 71 and 72), are **DENIED WITHOUT PREJUDICE** as moot as addressed herein.

Dated:  December 1, 2022

s/Wilhelmina M. Wright<br>Wilhelmina M. Wright<br>United States District Judge